139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy J. MITCHELL, Plaintiff-Appellant,
v.
Lake Washington School District No. 414; L.E. Scarr,
Superintendent; Jane Doe Scarr, his wife,
Defendants-Appellees.
 No. 96-36002.
D.C. No. CV-92-01649-JLW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1998**.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Western District of Washington John L. Weinberg, Magistrate Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Billy J. Mitchell appeals the summary judgment entered by the district court in favor of Lake Washington School District No. 414 (LWSD) in his action under 42 U.S.C. § 1983 and Wash. Rev.Code §§ 49.60 et seq. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 The district court concluded that LWSD was entitled to judgment alternatively on the grounds of res judicata and collateral estoppel, and on the merits. Although Mitchell raises the merits ruling in his statement of issues, he fails to present any argument on the point. It is, therefore, abandoned. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993). In any event, Mitchell concedes that he has no argument that the district court's decision on the evidence before it was wrong. Rather, as his Reply acknowledges, Mitchell's appeal turns on whether the district court should have considered evidence in the Mindenbergs Supplemental Declaration.
 
 
 4
 We see no abuse of discretion in the court's ruling that struck the Supplemental Declaration. The scheduling order set a discovery and motions cut-off date of July 8, 1996. Counsel learned at the Martin deposition on June 20 that previously undisclosed materials may exist, and during the first session of Miller's deposition on June 25 that they in fact existed. The Miller deposition was continued to July 30.[1] Meanwhile, LWSD's motion for summary judgment on the merits was filed July 8 and noticed for hearing July 26. Mitchell's response to the motion for summary judgment was due July 22. The matter was argued and submitted July 26. Mindenbergs' Supplemental Declaration was filed August 6.
 
 
 5
 At no time did Mitchell ask the court to continue the summary judgment hearing, nor did he file any affidavit prior to the hearing indicating any need for more discovery. He concedes that no Rule 56(f) motion was ever made, but simply argues that it was obvious from the recitals in the Supplemental Declaration what he intended to do. We disagree.
 
 
 6
 Between the first session of Miller's deposition when the box of previously undisclosed information was produced and the date when his response to the summary judgment motion was due, Mitchell had plenty of time to request a continuance. Likewise, he could have said something about the problem at the hearing, but did not. Under these circumstances we cannot say that the district court abused its discretion in ruling on LWSD's motion without considering the Supplemental Declaration. Nor can we fault the court's denying Mitchell's motion for reconsideration.[2]
 
 
 7
 While Mitchell argues that discovery misconduct warrants reversal of the summary judgment by analogy to the Rule 60(b)(3) standard that he says is borrowed in a Rule 59 motion, he made no such motion in the district court. The proper avenue for this sort of contention would be a Rule 60(b) motion, although we express no view on whether it is available or not.
 
 
 8
 As there is no dispute that the court correctly entered judgment on the merits on the record before it, its judgment is affirmed.[3]
 
 
 9
 Mitchell's request for attorney's fees pursuant to 42 U.S.C. § 1988 and Wash. Rev.Code § 49.60.030(2) is denied.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the parties dispute the circumstances, the dispute is not material to our decision
 
 
 [2]
 Mitchell's Excerpts of Record do not include the body of his motion as required by FRAP Rule 30(a) and 9th Cir. Rule 30-1.1(a)
 
 
 [3]
 As we affirm the district court's judgment on the merits, we do not consider its rulings on res judicata and collateral estoppel